```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
SHIFRA GREENWALD,

                    Plaintiff,                              10CV956 (JG) (ALC)

                                                            REPORT AND
                                                            RECOMMENDATION
          v.

FIREMAN'S FUND INSURANCE, CO.,

                    Defendant.
---------------------------------------------------X
```

**CARTER, United States Magistrate Judge:**

This is an insurance action surrounding a claim plaintiff Shifra Greenwald ("Plaintiff" or "Greenwald") made for property damage to her home. Defendant Fireman's Fund Insurance Company ("Defendant") inspected the property and denied Plaintiff's claim. Specifically, Defendant determined that "the significant rot, deterioration, decay and subsequent wood destroying insect colonization" on the property was the result of an improperly installed exterior insulating and finishing system ("EIFS"). According to its October 28, 2009 letter denying Plaintiff's claim (the "Denial Letter"), Defendant found that ground and surface water penetrated the improperly installed EIFS and thereby damaged the house in a manner not provided for by Plaintiff's policy.

In April 2010, Greenwald's counsel notified Defendant that Greenwald intended to begin construction on her home. Soon thereafter, Defendant served written discovery on Plaintiff, including a request to inspect the property pursuant to Federal Rule of Civil Procedure 34 ("Rule 34"). Defendant's inspection took place on May 24, 2010 but underlying structural components were inaccessible and/or concealed from view at that time. As a result, Defendant, on June 1, 2010, renewed its request to inspect the property if and when certain components became

1

exposed as a result of the removal of the EIFS. Counsel for Plaintiff was again reminded of this request in a June 16, 2010 email from defense counsel and again on July 1, 2010. No response followed.

In a subsequent document production, received by Defendant on August 13, 2010, it was revealed not only that portions of the EIFS were removed but that Plaintiff's engineering expert was given the opportunity to inspect the property during the time period when Defendant's correspondence went unanswered. After receiving Defendant's August 13 letter apprising the Court of same, I held a status conference at which I ordered Plaintiff to permit Defendant's consultants to inspect the property. However, by the time Defendant's consultants were able to inspect, the construction had been completed, including the replacement and/or repair of the EIFS, and the removal of certain sill plates, rim joists and floor joists, all of which were the subject of the insurance claim Plaintiff submitted. Defendant's motion for sanctions followed.

DISCUSSION

Federal Rule 37(d)(1)(A)(ii) provides for the imposition of sanctions where, inter alia, a party fails to submit to a Rule 34 inspection. Pursuant to Rule 37(b)(2)(A), the sanction can include, inter alia, the striking of pleadings, entry of default judgment, and prohibiting the offending party from introducing certain claims and defenses. Moreover, where the alleged sanctionable conduct involves spoliation of evidence, the Court may use its inherent supervisory power to fashion an appropriate remedy. See West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999) (court may impose sanctions for spoliation with or without the existence of a violated court order); see also Pastorello v. City of New York, No. 95 CV 470 (CSH), 2003 WL 1740606, at *7 (S.D.N.Y. Apr. 1, 2003) ("legal sin of spoliation" following false

interrogatory responses found sanctionable under both the Federal Rules and the Court's inherent powers).

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." West, 167 F.3d at 779. "A party seeking sanctions for spoliation has the burden of proving that the alleged spoliator had an obligation to preserve the evidence, acted culpably in destroying it, and that the evidence would have been relevant to the aggrieved party's case." Ramirez v. Pride Development and Constr. Corp., 244 F.R.D. 162, 164 (E.D.N.Y. 2007); see also In re Kessler, No. 05 CV 6056 (SJF) (AKT), 2009 WL 2603104, at *9 (E.D.N.Y. Mar. 27, 2009).

The obligation to preserve evidence arises "when a party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." Piccone v. Town of Webster, 2010 WL 3516581, at *5 (W.D.N.Y. Sept. 3, 2010). The instant action surrounds a rejected insurance claim filed by Plaintiff for damage to her home. The Denial Letter rejected her claim on the grounds that the EIFS was improperly installed, permitting water to penetrate underlying structures to the house. Plaintiff was therefore on notice that the state of these structural components would be relevant to her case. Moreover, Defendant's repeated Rule 34 requests to inspect the property prior to construction provided Plaintiff with further notice of her obligation to preserve the state of the property pending inspection. See, e.g., Pastorello, 2003 WL 1740606, at *9 (obligation to preserve evidence may arise upon the filing of a complaint, notice of claim, or discovery request); Turner v. Hudson Transit Lines, Inc., 142 F.R.D. 68, 73 (S.D.N.Y. 1991) (same).

The requirement of a culpable state of mind is met by a showing of negligence. Residential Funding Corp. v. DeGeorge Financial Corp., 306 F.3d 99, 108 (2d Cir. 2002). In this

case, I find both that Plaintiff's counsel was negligent, in failing to respond to Defendant's correspondence and discovery requests, and that Plaintiff was, at a minimum, negligent in permitting a mid-repair inspection by her own expert while denying access to Defendant's expert.

Next, the Court must examine whether the destroyed evidence would have been relevant to Defendant's case. See, e.g., Golia v. Leslie Fay Co., No 01 CV 1111 (GEL), 2003 WL 21878788, at *9 (S.D.N.Y. Aug. 7, 2003) (relevance established where injured parties proffered sufficient evidence that spoliated documents would have been probative of disputed issues and favorable to their claims). Here, it is undisputed that Defendant's rested its denial of Plaintiff's claim on an inspection by its engineer which found that the EIFS was improperly installed. The exposure of the structural foundation underneath the EIFS would likely have revealed whether the damage was caused by a coverable "collapse" as opposed to wood rot and deterioration not covered by the policy. Accordingly, I find that this factor has also been met.

*Appropriate Sanction*

"The determination of an appropriate sanction for spoliation, if any, is confined to the sound discretion of the trial judge." Fujitsu Limited v. Federal Exp. Corp., 247 F.3d 423, 436 (2d Cir. 2001). The sanction should be designed to "(1) deter the parties from engaging in spoliation; (2) place the risk of erroneous judgment on the party who wrongfully created the risk; and (3) restore the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party." West, 167 F.3d at 779. Defendant proposes a sanction of precluding Plaintiff from offering any evidence regarding the cause of the

damage to her property.  However, I find that a more appropriate remedy would be an adverse jury instruction.  Ramirez, 244 F.R.D. at 165 (electing to fashion an adverse instruction over preclusion of relevant evidence because the latter would constitute a windfall for the injured party).  Specifically, I recommend an instruction that (1) Plaintiff was aware that installation of the EIFS was relevant to Defendant's theory that the damages alleged were not covered by her insurance policy; (2) Plaintiff granted others (specifically, her contractors and her proffered expert) access to the property during the removal and replacement of the EIFS and ignored Defendant's Rule 34 request to inspect same; (3) as a result, Defendant has been deprived of an opportunity to rebut Plaintiff's expert report; and that (4) the jury is permitted (but not required) to infer that Defendant's expert would have supported Defendant's theory if they find such a theory plausible based on the remaining evidence presented.  With such an instruction, Plaintiff will bear the burden associated with its own discovery failures and Defendant's theory will remain viable in the absence of a report conducted contemporaneously with Plaintiff's.  Insofar as the goal of deterrence is concerned, I recommend awarding Defendant fees and costs associated with the instant motion, pursuant to Rule 37(c), upon the filing of appropriate affidavits and supporting documentation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 6 and 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to the Report and Recommendation.  Such objections shall be filed on ECF.  Failure to file timely objections will preclude appellate review of any order of judgment that will be entered.  SO ORDERED.

DATED: January 25, 2011  
Brooklyn, New York

_____s/_____  
Andrew L. Carter, U.S.M.J.